**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

QUINCEY GERALD KEELER "JERRY",   )
                                 )
                    Plaintiff,   )
                                 )
vs.                              )        Case No. 09-1356-WEB-DWB
                                 )
ARAMARK, *et al.*,               )
                                 )
                    Defendants.  )
_____  )

## ORDER

Before the Court is Defendant Aramark's "Motion to Unseal Plaintiff's *In Forma Pauperis* Pleadings" (Doc. 29), with Plaintiff's response in opposition (Doc. 31) and Defendant's reply (Doc. 33). Having reviewed the submissions of the parties, including Plaintiff's *IFP* filings, the Court is prepared to rule on this motion.

## BACKGROUND

Plaintiff has filed three separate lawsuits against this Defendant in the U.S. District Court for the District of Kansas,[1] each with an *IFP* motion. (Doc. 30, at 1-2.) The present case brings claims for a violation of the Fair Labor Standards Act, defamation, breach of contract, and hostile work environment in violation of Title

_____

[1] Case Nos. 08-1168, 09-1356, and 10-1129.

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (*See generally*,

Doc. 1.) In conjunction with his Complaint in the present case, Plaintiff filed a

Motion for Leave to Proceed without Prepayment of Fees ("*IFP* motion," Doc. 3,

sealed), which the Court granted on January 19, 2010 (Doc. 4).

## DISCUSSION

Defendant's motion sets forth its request to unseal Plaintiff's *IFP* pleadings.

(Doc. 29, 30.) Defendant has brought a similar motion before the Court in one of

the other cases filed against it in this District by Plaintiff. (*See* Case No. 08-1168,

Docs. 108, 109.) Although the Court denied Defendant's request to unseal the

pleadings in that motion, it allowed defense counsel to view the documents at

issue. (*See* Case No. 08-1168, Doc. 117.) The Court will employ a similar

analysis herein.

Defendant notes that a court may dismiss a case at any time if, among other

reasons, it "determines that an allegation of poverty is untrue . . ." (Doc. 30, at 2.)

Relying on its status as Plaintiff's current employer, Defendant asks to be able to

review Plaintiff's *IFP* filings to "verify or discredit Plaintiffs' representation of his

income in his affidavit of poverty." (*Id.*) As it did in Case No. 08-1168,

Defendant cites the case of **Brewer v. Wis. Bd. of Bar Examiners** for authority that

*IFP* filings may be unsealed. (*See id.*, at 2-3, citing No. 04-C-0694, 2007 WL

2

1140249 (E.D. Wis. April 17, 2007) (holding that where a plaintiff provided the court with no basis for keeping motion sealed, the "'strong presumption' of openness" in court proceedings outweighs Plaintiff's presumed wish to keep her financial information "away from the curious").)

In the present matter, Plaintiff responds that Defendant's motion constitutes actionable retaliation under the "EEOC, FLSA, FMLA." (Doc. 31, at 1.) He argues, "THESE SAYINGS IN DEFENDANTS [sic] MOTION IS [sic] CLEARLY, THE MOTIVE TO HAVE PLAINTIFF'S CASE DISMISSED, IN HOPE PLAINTIFF LIED ON in forma pauperis." (*Id.*, at 1.) (Emphasis in original.)

As it did in Case No. 08-1168, the Court agrees that this is, most likely, Defendant's intention.

> The hope to have a lawsuit against it dismissed and/or to test the veracity of an opposing party does not, however, equate to retaliation. The Court surmises that a large percentage of defendants sued in federal court attempt to have the case against them dismissed through dispositive motions. There is nothing "retaliatory" or improper about this process on its face.

(Case No. 08-1168, Doc. 117, at 9.)

Plaintiff continues that he does not want Defendant and its attorneys "to look into the private information in the IN FORMA PAUPERIS PLEADINGS BY

3

PLAINTIFF." (*Id*.) (Emphasis in original.) He argues that he does not "trust" Defendants with this information. A review of the *IFP* filing, however, shows that much of the "private" information implicated would be information that Defendant, as Plaintiff's employer, would typically know (*i.e.*, home address, age, marital status, employment information, net income, insurance coverage, even the make and model of Plaintiff's automobile). (*See generally*, Doc. 3.) While Plaintiff's *IFP* filing in the present case lists the amounts of his monthly expenses and cash on hand, there are no account numbers listed and there are not even names of account-holders or creditors. Assuming Plaintiff's financial status was represented truthfully, the Court sees absolutely no reason why Plaintiff would be unduly prejudiced by allowing Defendant to review the document.[2]

As it did in regard to the motion to unseal filed in Case No. 08-1168, the Court finds that Defendant should be entitled to have access to Plaintiff's IFP filing. Again, however, that can be accomplished without unsealing the document. Accordingly, the Clerk of the Court is hereby directed to allow counsel in this case to have electronic access to Plaintiff's *IFP* filing. (Doc. 2.) This will keep the

---

[2] To the extent Plaintiff wants to keep the information from public consumption, Defendant has again agreed to a protective order limiting disclosure to Defendant and its attorneys. Plaintiff's response, however, makes no mention of this concern. Rather, Plaintiff's only objection is to providing the information to Defendant and its attorneys. As such, the Court sees no need for the entry of such a protective order.

information in the *IFP* filing from general dissemination to the public at large. Therefore, Defendant's Motion (Doc. 29) is **DENIED, provided however,** that Defendant is hereby granted electronic access to the subject IFP filing.

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Unseal Plaintiff's *In Forma Pauperis* Pleadings" (Doc. 109) is **DENIED, provided however,** that Defendant is hereby granted electronic access to the subject IFP filing.  If Defendant subsequently seeks to file pleadings which disclose the financial information contained in the IFP filing in this case or in the other related federal court cases, those filings shall be made under seal.

Dated at Wichita, Kansas, on this 19th day of July, 2010.

___s/ Donald W. Bostwick_____
DONALD W. BOSTWICK
United States Magistrate Judge