**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

QUINCEY GERALD KEELER, )
)
                Plaintiff, ) **CIVIL ACTION**
)
v. ) No. 09-1356-MLB
)
ARAMARK and HCA WESLEY, )
)
                Defendants. )
)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant HCA Wesley's motion to dismiss, which has been converted to a motion for summary judgment[1] (Doc. 20), and plaintiff's motion for summary judgment (Doc. 35). The motions have been fully briefed and are ripe for decision. (Docs. 21, 23, 28, 32, 35, 39). Defendant's motion is granted and plaintiff's motion is denied for the reasons herein.

**I.    Facts**

Plaintiff is employed by Aramark as a food services worker in the cafeteria at Wesley Medical Center in Wichita, Kansas. Plaintiff's complaint lists 44 claims against Aramark and three claims against Wesley, specifically claims thirty-four, forty-one and forty-four. Plaintiff's allegations against Wesley include claims of hostile work environment, negligence and breach of contract. Plaintiff has been employed by Aramark since January 3, 2006. Plaintiff has never been employed by Wesley.

On September 22, 2008, plaintiff filed an administrative charge

---

[1] See Doc. 34.

with the Kansas Human Rights Commission alleging discrimination by Aramark. This charge does not specifically name Wesley. On August 27, 2009, plaintiff received a no probable cause determination from the KHRC. On October 7, the EEOC adopted the findings of the KHRC.

**II.  Plaintiff's Pro Se Status**

The court is mindful that plaintiff is proceeding pro se. It has long been the rule that pro se pleadings, including complaints and pleadings connected with summary judgment, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. A pro se litigant is still expected to follow fundamental procedural rules. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

**III.  Summary Judgment Standards**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**IV. Analysis**

    **A. Evidentiary Issues**

First, Wesley asserts that the court should not consider the exhibits plaintiff has attached to his filings because he has failed to authenticate the exhibits as required by Fed. R. Civ. P. 56(e). (Doc. 39 at 7). Unauthenticated documents cannot be considered by a court in determining a summary judgment motion. Bell v. City of Topeka, Kan., 496 F. Supp.2d 1182, 1184 (D. Kan. 2007). For documents "not yet part of the court record to be considered by a court in support of or in opposition to a summary judgment motion they must meet a two-prong test." Id. First, the document "must be attached to and authenticated by an affidavit which conforms to Fed R. Civ. P. 56(e)." Id. Second, "the affiant must be a competent witness through whom the document can be received into evidence." Id. Additionally, "all facts on which a motion . . . is based shall be presented by

affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions." D. Kan. Rule 56.1(d).

In both plaintiff's response to Wesley's motion and in plaintiff's motion, plaintiff has attached what appears to be information obtained from a website, i.e. Wesley's Code of Conduct. Plaintiff has not provided any type of authentication for this document. Therefore, the court will not consider it. Additionally, plaintiff has attached as exhibit D to his motion a letter from an individual who provided plaintiff with a polygraph exam. Again, plaintiff has failed to provide an authenticating affidavit. Therefore, the court will not consider this exhibit.

Plaintiff has also submitted letters he wrote to Aramark. While a pro se complaint, when sworn and made under penalty of perjury, is treated as an affidavit on a motion for summary judgment, see Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997), the letters submitted by plaintiff have not been sworn and made under penalty of perjury. Nor has plaintiff attached an affidavit. A The letters submitted by plaintiff have not been sworn and made under penalty of perjury. Nor has plaintiff attached an affidavit. Therefore, the court will also not consider the letters attached to plaintiff's motion for summary judgment.[2]

**B. Breach of Contract**

In plaintiff's motion, plaintiff attempts to clarify his claims against Wesley. Plaintiff claims that he is an employee of Wesley by

---

[2] Even had the court considered the exhibits filed by plaintiff, the ruling by the court would not be changed.

means of the Code of Conduct that Wesley distributes to the individuals who are employed at the hospital. Plaintiff asserts that the Code of Conduct was violated because he informed Wesley human resources of the hostile work environment created by Aramark and Wesley failed to investigate.

In order to state a claim for breach of contract under Kansas law, plaintiff must establish the following elements: (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff suffered damage caused by the breach. Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc., 265 F. Supp.2d 1179, 1187 (D. Kan. 2003). Wesley asserts that plaintiff's claim fails as a matter of law because there was no contract entered into between plaintiff and Wesley.

Plaintiff claims that the Code of Conduct was a contract in which Wesley affirmatively promised to ensure that individuals who work on the premises of Wesley abide by the standards set forth in the Code of Conduct. Plaintiff further claims that Wesley did not perform its part of the contract after plaintiff requested assistance with his alleged hostile work environment. Plaintiff's argument contains many flaws. First, the court has concluded that the Code of Conduct exhibit cannot be considered because plaintiff has failed to authenticate it. Second, plaintiff has failed to establish that he in fact was presented with the Code of Conduct from an individual employed by Wesley. Third, plaintiff has not shown that he signed the acknowledgment as required by the Code of Conduct. Essentially, and

in addition to the fact that plaintiff is not a Wesley employee, there is no evidence of an agreement between plaintiff and Wesley to enter into a contract. Therefore, Wesley's motion for summary judgment on plaintiff's claim of breach of contract is granted and plaintiff's motion is denied.

**C.   Title VII**[3]

Plaintiff's complaint alleges a hostile work environment claim against Wesley.[4] Wesley contends that this claim must fail because plaintiff failed to exhaust his administrative remedies. Exhaustion of administrative remedies is a prerequisite to filing a Title VII action in federal court. 42 U.S.C. § 2000e-16(c); see Brown v. General Servs. Admin., 425 U.S. 820, 832, 96 S. Ct. 1961, 1967, 48 L. Ed.2d 402 (1976). Requiring exhaustion of administrative remedies "serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). Plaintiff did not identify Wesley in his EEOC charge against Aramark. Therefore, Wesley was not on notice of

---

[3] Wesley also contends that plaintiff has failed to establish race discrimination under section 1981. After reviewing plaintiff's complaint, the court does not construe an allegation of race discrimination against Wesley. If plaintiff had intended to state a claim of race discrimination, however, that claim would fail as plaintiff has not established that Wesley intended to discriminate against plaintiff because of his race. Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001).

[4] In plaintiff's motion for summary judgment, plaintiff states that his hostile work environment claim is not asserted under Title VII but is based on the language in the Code of Conduct. The court, however, will address the availability of a hostile environment claim under Title VII out of an abundance of caution.

any discrimination claims against it.  As such, plaintiff failed to exhaust his hostile work environment claim against Wesley.  Wesley's motion for summary judgment on this claim is therefore granted and plaintiff's motion is denied.

**D. Negligent Supervision and Retention**

Plaintiff has alleged claims of negligent supervision and retention against Wesley due to its failure to investigate his claims of hostile work environment.  To establish negligent supervision under Kansas law, plaintiff must show that "the employer had reason to believe that an undue risk of harm to others would exist as a result of the employment of the alleged tortfeasor" and "such harm is within the risk."  Estate of Sisk v. Manzanares, 262 F. Supp.2d 1162, 1187 (D. Kan. 2002).  Plaintiff has failed to identify the alleged tortfeasor who ignored plaintiff's claims.

In order to establish a claim of negligent retention, plaintiff must show that Wesley has retained an employee that it knows or should have known is incompetent.  Beam v. Concord Hosp., Inc., 873 F. Supp.c 491, 503 (D. Kan. 1994).  Again, plaintiff has failed to identify an employee of Wesley who caused him harm.  Id.  Therefore, defendant's motion for summary judgment on these claims is granted and plaintiff's motion is denied.

**E. Negligent Training**

Plaintiff has also alleged that Wesley was negligent in training its staff on handling claims pertaining to violations of the Code of Conduct.  In order to state a claim of negligent training, however, plaintiff must establish that Wesley had a reason to believe that its employees were not properly trained.  Thomas v. County Comm'rs of

Shawnee County, 40 Kan. App.2d 946, 961, 198 P.3d 182 (2008). Plaintiff has failed to establish that Wesley had reason to believe that its employees were not properly trained and therefore his claim of negligent training cannot survive summary judgment. Wesley's motion of summary judgment on this claim is granted and plaintiff's is denied.

**F. Invasion of Privacy**

In his claim for invasion of privacy, plaintiff alleges that Wesley invaded his privacy by aiding Aramark in its food theft investigation. (Doc. 6 at 24). The elements for invasion of privacy are (1) publication to a third party, (2) false representation of the person; and (3) a representation which is highly offensive to a reasonable person. Castleberry v. Boeing Co., 880 F. Supp. 1435, 1442 (D. Kan. 1995). Plaintiff has failed to establish that Wesley made any sort of publication concerning plaintiff to a third party. Therefore, Wesley's motion for summary judgment on this claim is granted and plaintiff's motion is denied.

**G. Negligent Investigation**

Throughout his motion, plaintiff consistently asserts that Wesley was negligent in investigating the allegations that plaintiff averred against Aramark. Plaintiff's position is that "all HCA(WMC) needed to do is some form of investigation, on black and white document form, even if, HCA(WMC) saw no merit or anything." (Doc. 35 at 3). Wesley responds that there is no cause of action in Kansas for negligent investigation. Out of an abundance of caution, the court will construe plaintiff's allegations into one of simple negligence.

Under Kansas law, to "recover for negligence, the plaintiff must

prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered. Whether a duty exists is a question of law. Whether the duty has been breached is a question of fact." Nolde v. Hamm Asphalt, Inc., 202 F. Supp.2d 1257, 1261 (D. Kan. 2002). Plaintiff has failed to introduce any admissible evidence which would support a finding that Wesley had a duty to investigate plaintiff's allegations against Aramark. Even if Wesley had a duty to investigate, plaintiff has not produced any evidence which would show that he was injured as a result of Wesley's failure to investigate or that Wesley in fact caused plaintiff's injuries, i.e. Wesley was aware of the specific allegations plaintiff had lodged against Aramark prior to plaintiff's injury.

Therefore, Wesley's motion for summary judgment on plaintiff's claim of negligence is granted and plaintiff's motion is denied.

**V. Conclusion**

Wesley's motion for summary judgment is granted (Doc. 20) and plaintiff's motion for summary judgment is denied (Doc. 35). The clerk is directed to enter judgment in favor of HCA Wesley and against plaintiff. Costs are taxed against plaintiff. Pursuant to Fed. R. Civ. P. 54(b), the court certifies that there is no just reason for delay. The claims against Aramark, such as they are, can be resolved by independent analysis of the facts and law pertaining to those claims. In this regard, the court notes that plaintiff's submissions in support of his summary judgment (Docs. 35 to 35-3) do not conform with the rules of this court as to page length and format. Plaintiff's pro se status does not excuse compliance with applicable procedural rules. Any submissions filed by plaintiff in this case or

in Case No. 08-1168 which do not comply with the rules will be stricken and plaintiff will not be permitted to resubmit them.

Finally, should plaintiff attempt to file another case which is assigned to the undersigned judge, regardless whether the filing fee is paid, the clerk is directed to notify the undersigned in order that he may review the submission pursuant to 28 U.S.C. § 1915.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  12th  </u> day of August 2010, at Wichita, Kansas.

<u>s/ Monti Belot                </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE